**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN J. SULLIVAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3184-NAB |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff John J. Sullivan, Jr. (Missouri inmate registration number 1313206) for leave to commence this civil action without prepayment of the filing fee.  ECF No. 2.  While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

**The Complaint**

Plaintiff is a self-represented litigant currently incarcerated at the Farmington Correctional Center ("FCC").  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against the State of Missouri; the judge and prosecutor from his state criminal proceedings; and three non-state actors, Shasta Haney, Samantha Sullivan, and Aunt Jenny Unknown, who appear to be relatives or personal acquaintances of the plaintiff.[1]  His claims are brought against all defendants in both their individual and official capacities.

---

[1] This case was transferred from the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.  ECF. No. 6.

Plaintiff's allegations are difficult to decipher.  First, plaintiff complains of wrist, stomach, chest, and rectum pain.  He states "medical" misdiagnosed his COPD and "tore" his "bottom or rectum."  Plaintiff does not present any facts as to how he sustained these alleged injuries or who caused them.  Plaintiff then takes issue with how the judge and prosecutor handled the criminal proceedings against him in the Circuit Court of Boone County, Missouri.  Plaintiff claims the judge, prosecutor, and "Aunt Jenny" knew he was falsely accused of statutory sodomy against a minor.  Lastly, plaintiff complains that defendant Shasta Haney should be prosecuted for child support fraud and defendant Samantha Sullivan should not receive "victims checks."  For relief, plaintiff seeks $1 billion in damages.

Plaintiff has filed five supplements to his complaint.  ECF. Nos. 9-11, 15-16.  These supplements include portions of an undated hearing transcript from state court; letters to the Court repeating the general allegations in his complaint; state court filings and docket sheet; a police report; and a grievance he filed with the FCC.

**Discussion**

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee.  Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim.  As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice. Additionally, this action will be dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915(e).

**A.  Three Strikes Rule**

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g).  *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012).  Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited

if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal.  *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006).  Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee.  *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

**B.  Plaintiff's Previous "Strikes"**

Review of this Court's files reveal that plaintiff has accumulated more than three strikes. *See Sullivan v. Harris, et al.*, No. 2:18-CV-4203-BCW (W.D. Mo. Sept. 28, 2018) (dismissed Oct. 3, 2018, under 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failure to state a claim); *Sullivan v. Bates County Circuit Court, et al.*, No. 4:18-CV-861-GAF (W.D. Mo. Oct. 29, 2018) (dismissed Oct. 30, 2018 under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sullivan v. Harris, et al.*, 2:19-CV-4039-BCW (W.D. Mo. Feb. 22, 2019) (dismissed Mar. 19, 2019 under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sullivan v. State of Missouri, et al.*, 4:18-CV-1816-JMB (E.D. Mo. Oct. 23, 2019) (dismissed Mar. 14, 2019 under 28 U.S.C. § 1915(e)(2)(B) for same reasons after being given the opportunity to file two amended complaints); *Sullivan v. Cofer, et al.*, 4:19-CV-1504-PLC (E.D. Mo. May 23, 2019) (dismissed Feb. 25, 2020 under 28 U.S.C.

§ 1915(e)(2)(B) for failure to state a claim); and *Sullivan v. Austin, et al.*, 4:19-CV-2044-DDN (July 18, 2019) (dismissed Feb. 24, 2020 under 28 U.S.C. § 1915(e)(2)(B) for same reasons).[2]

As a result, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).  An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff does not allege that he is in imminent danger.  The majority of his claims relate to his dissatisfaction with the criminal proceedings in state court and his personal dislike of three individuals who are either family members or acquaintances.  The remainder of plaintiff's claims relate to past medical treatment he received at an unidentified location by unnamed individuals. While plaintiff states he currently has a torn rectum and wrist and stomach pain, his allegations do not constitute imminent danger of serious physical injury.  Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him.  Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice.

**C.  28 U.S.C. § 1915(e)**

In addition to being subject to dismissal under the three strikes rule, plaintiff's complaint does not survive initial review under 28 U.S.C. § 1915(e)(2).  Under 28 U.S.C. § 1915(e), the

---

[2] Plaintiff also has two pending cases in this Court: *Sullivan v. MOSOP, et al.*, 4:19-CV-2623-PLC (E.D. Mo. Sept. 24, 2019) and *Sullivan v. State of Missouri, et al.*, 4:19-CV-3139-JMB (E.D. Mo. Nov. 22, 2019).

Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Having carefully reviewed and liberally construed the complaint, the Court concludes plaintiff's claims against all named defendants in this action are not cognizable.  First, the judge is entitled to absolute immunity from damages for judicial acts of which she has subject matter jurisdiction.  *See Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983).  Second, a prosecutor is also immune from a suit for damages under § 1983 for alleged civil rights violations committed in "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 424-27 (1976).  Lastly, as to the three non-state actors, there can be no cause of action under 42 U.S.C. § 1983.  *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that pursuant to § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right").  Defendants Haney, Sullivan, and Jenny Unknown are not state actors and the allegations against them do not show a deprivation of plaintiff's constitutionally protected rights.

Thus, upon initial review, the Court finds that the complaint here is subject to dismissal under the three strikes rule, 28 U.S.C. § 1915(g), and also because it fails to state a claim upon which relief can be granted.

### D.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 4. The motion will be denied as moot as this action is being dismissed under the three strikes rule.  *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 14th  day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6